IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                          CRIMINAL NO. 1:14CR44-LG-RHW-1

**LAKEITH DENTRELL SMITH**

## ORDER DENYING DEFENDANT'S MOTION TO SEVER

BEFORE THE COURT is the [118] Motion to Sever filed by Defendant LaKeith Smith. Defendant Smith was indicted, along with seven (7) other co-defendants, on charges of stealing and selling firearms in violation of 18 U.S.C. § 922 and 18 U.S.C. § 924. Smith moves to sever his trial from the proceedings against his co-defendants pursuant to Federal Rule of Criminal Procedure 14. The Court finds that the Motion to Sever is not well taken and should be denied.

Smith argues that he "will suffer irreparable prejudice" at trial in the event that any of his co-defendants exercise their Fifth Amendment right to remain silent, thereby preventing Smith from cross-examining them. (Mot. to Sever 1, ECF No. 118). He claims that a joint trial with his co-defendants could compromise his right to present exculpatory evidence. Specifically, he asserts that he cannot compel any co-defendant to testify at trial, and therefore, "there is a serious risk that the jury would not hear exculpatory evidence," of which there is "no other known source." (*Id.* at 2).

Federal Rule of Criminal Procedure 14 provides in pertinent part that "[i]f the joinder of . . . defendants in an indictment . . . or a consolidation for trial

appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials[.] FED. R. CRIM. P. 14(a). The decision whether to grant a motion for separate trials is ultimately within the discretion of the district court. *See United States v. Neal*, 27 F.3d 1035, 1046 (5th Cir. 1995) (citing *United States v. Zafiro*, 506 U.S. 534, 539 (1993)). The Supreme Court and the United States Court of Appeals for the Fifth Circuit have held that "if defendants have been properly joined, the district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable determination of guilt or innocence." *Zafiro*, 506 U.S. at 539; *United States v. Cihak*, 137 F.3d 252, 259 (5th Cir. 1998) (citation omitted).

To determine whether the defendant has shown "specific and compelling prejudice," the court should consider whether the prejudice outweighs the interest in judicial economy. *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996); *United States v. Cuesta*, 597 F.2d 903, 919 (5th Cir. 1979). Additionally, rather than grant a severance, a district court may protect the defendant from potential prejudice by instructing the jury to limit evidence to the appropriate defendant, and the jury is presumed to follow such instructions. *Zafiro*, 506 U.S. at 540-41 (citing *Richardson v. Marsh*, 481 U.S. 200, 210-211 (1987)); *Cihak*, 137 F.3d at 259 (citing *United States v. Rocha*, 916 F.2d 219, 229 (5th Cir. 1990)); *Krenning*, 93 F.3d at 1267; *U.S. v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994).

Defendant Smith has not shown that there is a "serious risk" that a joint trial would compromise one of his specific trial rights, or that the jury will be prevented from determining his guilt or innocence if he is tried with his co-defendants. Smith only makes a nebulous argument, unsupported by affidavit or any specific information, that there is a risk that the jury will not hear exculpatory evidence if he is not permitted to cross-examine his co-defendants. The Fifth Circuit has held, with respect to a request for severance based on the need for a co-defendant's testimony:

> A movant seeking severance must demonstrate: 1) a bona fide need for the testimony, 2) the substance of the desired testimony, 3) its exculpatory nature and effect, and 4) the willingness of the co-defendant to testify at a separate trial. After such a showing, the court must consider: 1) the significance of the alleged exculpatory testimony in relation to the defendant's theory of defense, 2) the extent to which the defendant might be prejudiced by the absence of the testimony, 3) judicial administration and economy, and 4) the timeliness of the motion.

*United States v. Ramirez*, 954 F.2d 1035, 1037 (5th Cir. 1992) (internal citations omitted).

## CONCLUSION

Here, Smith makes no reference to what the "exculpatory evidence" to be provided by his co-defendants' testimony would consist of or why it would be exculpatory in nature or effect. Smith has failed to make any representation about whether his co-defendants would in fact provide such testimony in a separate trial. Thus, the Court concludes that defendant's vague assertions of impending

"exculpatory testimony" are based in conjecture rather than fact.  Additionally, in the absence of any details concerning the substance of the co-defendant testimony, Smith has failed to demonstrate a bona fide need for the testimony, and failed to make any specific showing of prejudice.  The Motion to Sever is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [118] Motion to Sever filed by Defendant LaKeith Smith is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 19th day of September, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE